ANDREW W. ZEPEDA, State Bar No. 106509
LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
azepeda@lurie-zepeda.com
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574
PH: (310) 274-8700   FAX: (310) 294-8844

Attorney for Plaintiff, Green Team Worldwide Environmental
Group. LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

<table>
<tr><td>GREEN TEAM WORLDWIDE<br>ENVIRONMENTAL GROUP, LLC,<br>a New Jersey Limited<br>Liability Company,<br><br>       Plaintiff,<br><br>  vs.<br><br>CITY OF LOS ANGELES, a California<br>Municipal Corporation,<br><br>       Defendant.</td><td>**Case No. :**<br><br>**Hon. _____**<br><br><br>**VERIFIED COMPLAINT FOR<br>INJUNCTIVE AND<br>DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL**</td></tr>
</table>

**NOW COMES** the Plaintiff, Green Team Worldwide Environmental Group, L.L.C., and for its Complaint against Defendant, City of Los Angeles, California, alleges as follows:

## I.   PARTIES

1.     Plaintiff, Green Team Worldwide Environmental Group, L.L.C., (hereinafter "Green Team" or "Plaintiff") is organized as a New Jersey limited liability company, headquartered at 65 Triangle Boulevard, Carlstadt, New Jersey, 07072. Green Team's registered address in California is 1235 McCann Drive, Santa Fe Springs,

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

California, 90670. TexGreen is a wholly owned subsidiary of Green Teams and operates in the State of California.

2.      The Green Team gathers donations of clothes, textiles, and other lightly used goods that ultimately benefit families and persons in need and address environmental issues. It places clearly labeled, stand-alone donation bins at various locations across the State of California.

3.      Defendant, City of Los Angeles (hereinafter "the City" or "Defendant"), is a chartered municipal corporation existing under the laws of the State of California, located within the County of Los Angeles.

## II.    JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress constitutional violations and deprivations of law under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 42 U.S.C. § 1983, which provides causes of actions for the protection of civil and constitutional rights and damages; and under 42 U.S.C. § 1988, to secure costs and reasonable attorney fees as part of the case.

5.      This Court has supplemental jurisdiction over Plaintiff's California State Law and Constitutional Claims asserted herein as those claims form part of the same case or controversy as the federal questions asserted herein, pursuant to 28 U.S.C. § 1367(a) and Cal. Code of Civ. Pro. § 1060.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) in that (i) Plaintiff occupies property within this judicial district; (ii) Defendant is situated within this judicial district; and (iii) all the claims asserted by Plaintiff arose within this judicial district.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

**LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN**
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

### III.   NATURE OF ACTION

7.      This is a civil action wherein Green Team prays for injunctive and declaratory judgment against Defendant City of Los Angeles to prevent the City from acting under color of state law to deprive Green Team of its constitutional rights. Through this suit, Green Team prays for injunctive and declaratory relief from this Court, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983 and the Federal Rules of Civil Procedure, because the City's regulation of donation bins is unconstitutional in that it deprives Green Team of certain rights and privileges guaranteed under the United States and California Constitutions. Specifically, no physical locations are available in the City for the placement of bins.  Additionally, there is no means to apply for a permit to place textile donation bins in the City of Los Angeles. Further, the City ordinance is content and viewpoint-discriminatory, singling out donation bins collecting items for re-use for less favorable treatment than bins collecting recyclables, and functions as a prior restraint on speech, by severely restricting the placement of bins and establishing a permitting process which grants city officials unbridled discretion in reviewing applications.  In sum, the City's regulation of donation bins violates the Green Team's rights under the Due Process, Free Speech and Equal Protection clauses of the United States and California Constitutions.

### IV.   GENERAL ALLEGATIONS

**A.    Green Team and its Mission.**

8.      Green Team opened for business in the United States in 2012, with its headquarters located in Carlstadt, New Jersey. The Green Team started with a mission to create a better world where people and the planet are given the value and priority they deserve.

9.      Green Team is a for-profit company located in the United States that is dedicated to textile reuse. It operates green and white collection bins in partnership with businesses, and to a limited degree, schools, churches, and local government.

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
**GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

10. Recent legislative studies in California indicate that textiles, including apparel and cloth articles like linens and curtains, were the sixth most disposed material type by single-family homes in 2018.[1]

11. California residents disposed of nearly 1.2 million metric tons of textiles that year, making up about 3% of the total waste stream. The rise of fast fashion has intensified textile waste. "Fast Fashion" refers to quickly and cheaply designed clothing that aligns with rapidly changing trends. Retailers benefit from updating styles to encourage more shopping. This phenomenon has led to clothing production doubling globally from 2000 to 2014. While fast fashion offers lower prices, it compromises the quality and durability of garments, contributing to increased waste.[2]

12. Dealing with all this waste is expensive. In 2021, approximately 1.2 million tons of textiles were disposed of, costing California taxpayers over $70 million in disposal costs. This waste also carries a carbon cost: the textile and garment industries account for 6-8% of total global carbon emissions, approximately 1.7 billion tons of carbon emissions each year.[3]

13. According to another recent study, 95% of California's textile waste is reusable or recyclable, indicating that the textiles are in a condition for reuse or still have tags identifying the materials used (tags are important to recycling since it is critical to know what the material type of a textile is to select the proper recycling processes for that material).[4]

14. Both recycling and the reuse of used textiles commence when items are discarded - either when businesses toss out scrap or surplus material, or when consumers discard old clothes or textile household items, such as sheets, curtains, and pillows.

---

[1] See, *Textile Stewardship,* CALRECYCLE, https://calrecycle.ca.gov/epr/textiles/ (last visited April 21, 2025).

[2] *Textile Stewardship, supra* note 1.

[3] *Id.*

[4] *Id.*

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

Once these materials have been collected, they are sorted into separate reusable materials from that which is only eligible for recycling or landfilling.[5]

15.    The current recovery rate for textiles in the U.S. is approximately 15%, while the remaining 85% of discarded clothing and textiles are sent to landfills or incineration. Just one percent of recycled clothes are turned back into new garments—the gold standard for recycling towards a zero-waste economy.[6]

16.    Green Team operates in eleven states across more than 1,600 locations, with approximately 2,500 bins throughout the United States. Nearly 1,000 of the textile donation bins are located in California, with 350 bins located in the Los Angeles metropolitan area. Green Team collects an average of sixteen million pounds of textiles each year in California alone.

17.    Green Team's donation bins offer communities a convenient and eco-friendly way to eliminate excess clothing and reduce landfill waste. By exporting clothes and shoes to struggling countries, Green Team helps enhance the well-being of people globally by reintroducing clothing into the use cycle, conserving precious natural resources, and limiting greenhouse gas emissions to combat global warming and the climate crisis.

18.    Green Team promotes its charity and donates its proceeds to nonprofits, namely, LEAD (Law Enforcement Against Drugs) and One Tree Planted, both registered IRS 501(c)(3) nonprofit organizations.

19.    The textile donation bins used by Green Team represent the latest improvements in textile clothing recycling collection. The steel bin, which is between six and seven feet high and has a base that is four feet by four feet, is monitored by Green Team members either physically or virtually. Virtual surveillance notifies the member of movement detected outside of the bin, which allows the Green Team to see if there is an overflow before patrons report it. Through two-way communication, Green

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

---

[5] *Id.*

[6] *Textile Stewardship, supra* note 1.

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

Team members can advise a subsequent donor not to place items outside of the textile donation bin.

20.    Green Team representatives visit each of its donation bins weekly or, in some cases, daily to collect the donated goods and avoid bin overflow and goods accumulating outside the bins.

21.    Green Team determines individual schedules that align with the rate at which their bins are generally filled, at times servicing particular donation bins that receive a higher-than-average daily volume of donations.

22.    The donation bins support the Green Team's environmental goals by requiring fewer collection bins to be placed throughout the City, thereby decreasing greenhouse gas emissions from large trucks.

23.    Green Team's donation bins are the medium of expression by which Green Team silently solicits donated clothes and textiles and promotes the charitable causes referenced above.

24.    Green Team's donation bins are placed on private properties so that they are easily visible and accessible by individuals who want to deposit donations.

25.    All the donation bins are marked as belonging to the Green Team and contain contact information for anyone wishing to contact Green Team officials.

26.    If donations begin to accumulate outside a bin before Green Team officials make their weekly visit, anyone can contact the Green Team using the clearly provided contact information on the bin to inform them of the overflow.

27.    With the monitoring and accessible contact information, Green Team representatives can be made aware in real-time if any items are left outside of the bins, or when the bins need emptying outside of individually-determined pick-up schedules.

28.    Before placing its donation bins at any location, Green Team officials contact property owners or managers and obtain permission to place the bins at a particular private property.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

29.   Green Team's general practice is to execute a written agreement between itself and the property owner or business manager of each site where Green Team places a bin. The agreement includes the address of where the donation bin is placed, the name and title of the person who gave permission for Green Team to place its bin at that site, information regarding Green Team's commitment to maintaining the bin and keep its immediate vicinity clean, and a photograph of where the particular bin is located at the site.

**B.    The California Integrated Waste Management Act.**

30.   The California Integrated Waste Management Act, Cal. Pub. Res. Code § 40051, Ch.1, Article 2, provides that in implementing this division, the board and local agencies shall do both of the following:

a.    Promote the following waste management practices in order of priority:

(1)   Source reduction.

(2)   Recycling and composting.

(3)   Environmentally safe transformation and environmentally safe land disposal, at the discretion of the city or county.

b.    Maximize the use of all feasible source reduction, recycling, and composting options in order to reduce the amount of solid waste that must be disposed of by transformation and land disposal.  For wastes that cannot feasibly be reduced at their source, recycled, or composted, the local agency may use environmentally safe transformation or environmentally safe land disposal, or both of those practices.

31.   The California Integrated Waste Management Act has been interpreted as using "mandatory language to require that local agencies…recycle solid wastes…that cannot be eliminated through source reduction." *City of Los Angeles v. County of Kern*,

**LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN**
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

7

509 F.Supp.2d 865, 891 (C.D. Cal. 2007), judgement vacated in part, appeal dismissed in part, 581 F.3d 841 (9th Cir. 2009). "Moreover, it mandates that the local agencies 'maximize' all 'feasible' methods of recycling, and it does so specifically to further the goal of diverting solid waste from landfills." *Id.* at 891 (quoting Cal. Pub. Res. Code § 40051(b)).

32.     The California Integrated Waste Management Act allows for local regulations restricting solid waste management facilities so long as ***"the conditions or restrictions do not conflict with or impose lesser requirements than the policies, standards, and requirements of this division and all regulations adopted pursuant to this division.***" (Emphasis added). Cal. Pub. Res. Code § 40053.

## C.     The Responsible Textile Recovery Act of California.

33.     California also recently enacted the Responsible Textile Recovery Act ("RTRA"), Cal. Pub. Res. Code § 42984 *et seq.*  The RTRA is intended to "establish a statewide extended producer responsibility program for apparel and textile articles that emphasize repair and reuse and minimize the generation of hazardous waste," among other things. *Id.* at § 42984.05(a) The Department of Resources Recycling and Recovery is required to enforce regulations to implement this Act. *Id*. at § 42984.2.

34.     The purpose of the RTRA is "to increase the amount of postconsumer apparel and textile articles that are diverted from landfills and reused, repaired, and recycled into secondary products or otherwise managed in a manner that is consistent with the state's hierarchy for waste management practices pursuant to § 40051." *Id*. at § 42984.

35.     Local land use restrictions remain subject to general laws pursuant to established jurisprudence on state preemption.

## D.     The City of Los Angeles's Collection Bin Ordinance.

36.     On May 19, 2014, the City Council of Los Angeles introduced a Motion (CF 14-0611) requesting the City Attorney, in concert with the Department of Building

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
**GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

and Safety, to prepare an ordinance "on unattended collection bins." **Exhibit 1**, p. 4. The Motion requested that the following provisions be in the ordinance:

    a.    A requirement for each bin to obtain a permit;

    b.    Mandate that bin operators obtain written permission to place the collection bin from the owner of the property on which the bin is located;

    c.    A requirement that a visible phone number for the bin operator be displayed on the outside of the bin; and,

    d.    A requirement for bins to adhere to a regular maintenance schedule.

**Exhibit 1,** Legislative history, p. 4.

37.    Years later in August 2017, the City Attorney's office prepared a draft proposed ordinance. *Id.*

38.    In September 2017, the City's Department of Building and Safety, primarily through Mr. Eric Jakeman, made substantial revisions to the proposed ordinance regulating textile donation bins that went far above and beyond the four criteria of the City Council motion, CF-140611.

39.    The September 2017 revisions by Mr. Jakeman effectively precluded the placement of bins within the City of Los Angeles, as there is no physical property in areas zoned for the use that meets the setback, size, distance, and spacing requirements set forth in the Ordinance.

40.    On October 29, 2021, the City enacted Ordinance No. 187248 ("the Ordinance") to "establish operational, aesthetic, and maintenance standards to ensure the placement of a Collection Bin does not negatively impact public health, safety, or welfare." **Exhibit 2,** Ordinance No. 187248, Sec. 12.21.23(a).

41.    Based on information and belief, the City of Los Angeles took no action on the draft ordinance between September 2017 and its enactment in October 2021. Based on current knowledge and evidence, noting the absence of physical property in areas designated for use that adhere to the setback, size, distance, and spacing criteria specified

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067–2574

{00904413.DOCX}

9

in the Ordinance, the City of Los Angeles Director of Planning rejected the implementation of the Ordinance.

Pursuant to Charter Section 559, I **disapprove** this ordinance on behalf of the City Planning Commission and recommend that it **not** be adopted.

VINCENT P. BERTONI, AICP
Director of Planning

Date August 4, 2021

42. Los Angeles Ordinance No. 187248 defines a "Collection Bin" as:

Any box, canister, receptacle, or other container that can be opened and closed, and is used for collecting salvageable personal property, including, but not limited to, clothing, shoes, books, and household items for periodic off-site processing and/or redistribution. For purposes of this definition, salvageable personal property shall not include recyclable materials not intended for re-use, including, but not limited to, newspapers, plastic, glass, aluminum, electronics, toxic or hazardous materials, and solid waste; nor any personal property that, because of its size, does not fit inside a Collection Bin. *Id.,* at Sec. 12.03.

43. Los Angeles Ordinance No. 187248 exempts from coverage "recyclable materials not intended for re-use, including, but not limited to, newspapers, plastic, glass, aluminum, electronics, toxic or hazardous materials, and solid waste." *Id.* at Sec. 12.21(A)(23).

44. The stated purpose of Ordinance No. 187248 is to "establish operational, aesthetic, and maintenance standards to ensure the placement of a Collection Bin does not negatively impact public health, safety, or welfare." *Id.* Sec. 12.21(A)(23)(a).

45. The Ordinance requires a collection bin operator to obtain a building permit and certificate of occupancy to operate. *Id.*

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

46.    Moreover, the Ordinance limits placement of bins to "lots in commercial zones that contain at least one operating business" and only allows one collection bin to be placed on any one lot. *Id.* at Sec. 12.21(A)(23)(c).

47.    The Los Angeles Municipal Code established thirty-five (35) zoning districts, seven (7) of which are commercial. While Ordinance No. 187248 allows bins in the seven commercial zones, but, precludes placement within 20 feet of any public right of way, within 10 feet of any lot line adjoining another lot, within 100 feet of any A- or R- zoned lot, and within any area that will reduce, or impede access to, required parking spaces. *Id.*

48.    No physical locations are available in the City for the placement of bins.

49.    Regarding the permit application, the Ordinance requires:

a.    The operator's contact information;

b.    A certificate the Collection Bin will operate with a valid business tax registration certificate;

c.    Written acknowledgement of the lot owner;

d.    A detailed site plan of the lot;

e.    Physical attributes of the Collection Bin; and

50.    "Any other reasonable information regarding time, place, and manner of operation, location, and/or maintenance of the proposed Collection Bin that the Superintendent of Building . . . requires to evaluate the proposed Collection Bin." *Id.* Sec. 12.21(A)(23)(d).

51.    The Ordinance also requires the operator to "conspicuously display" other "official required information." *Id.*

52.    While the proposed policy included an application, **Exhibit 2**, p. 34-44, the City of Los Angeles never adopted a permitting scheme or policy for textile donation bins.

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.

53.    The City of Los Angeles Department of Building and Safety does not provide a physical application for a permit that would allow a textile donation bin operator to apply for permission to place a donation bin in the City.

54.    The City of Los Angeles Department of Building and Safety does not have a specific application for a textile donation bin through its online portal. Instead, it directs bin operators to secure a land use permit through its online portal. However, the land use permit application submitted through the online portal will not process a permit application specifically for a textile donation bin.

55.    Upon information and belief, the City of Los Angeles did not begin enforcement actions on donation bins from its enactment in October 2021 until May 2024 – nearly four years after the Ordinance was adopted.

**E.    Los Angeles Enforces Its Ordinance Against Green Team.**

56.    Green Team leases parking spaces from property owners to place collection bins throughout the City of Los Angeles. The Green Team's lease with the property owners creates a leasehold interest.

57.    The leasehold interest is a property right that is legally recognized and constitutionally protected.

58.    Between the date the Ordinance was passed in October 2021 and June 2024, the City did not enforce the Textile Recycling Ban Ordinance against Green Team. However, enforcement began on June 15, 2024. See **Exhibit 3.**

   a.    In 2015, Green Team placed a donation bin at 16130 West Nordhoff Street, North Hills, California. The bin operated continuously until Green Team received a compliance notice on June 15, 2024. The bin has since been removed.

   b.    In 2015, Green Team placed a donation bin at 22756 West Vanowen Street, West Hills, California. The donation bin operated continuously until Green Team received a compliance notice on January 25, 2025.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

The bin has since been removed.

c. In 2016, Green Team placed a donation bin at 1400 South Westwood Boulevard, Los Angeles, California. The donation bin operated continuously until Green Team received a compliance notice on October 20, 2024. The bin has since been removed.

d. In 2020, Green Team placed a donation bin at 9779 West Pico Boulevard, Los Angeles, California. Green Team received a compliance notice on October 20, 2024. The bin remains on site.

e. In 2022, Green Team placed a donation bin at 20929 West Roscoe Boulevard, Canoga Park, California. The donation bin operated continuously until Green Team received a compliance notice on January 23, 2025. The bin has since been removed.

f. In 2023, Green Team placed a donation bin at 7606 South Western Avenue, Los Angeles, California. Green Team received a compliance notice on October 20, 2024. The bin remains on site.

g. In 2023, Green Team placed a donation bin at 16159 West Devonshire Street, Los Angeles, California. The donation bin operated continuously until Green Team received a compliance notice on June 6, 2024. The bin has since been removed.

h. In 2023, Green Team placed a donation bin at 814 South Columbia, Los Angeles, California. Green Team received a compliance notice on October 20, 2024. The bin remains on site.

i. In 2024, Green Team placed a donation bin at 7137 North Lindley Avenue, Rese1da, California. The donation bin operated continuously until Green Team received a compliance notice on June 21, 2024. The bin has since been removed.

j. In 2024, Green Team placed a donation bin at 78723 North Sepulveda Boulevard, North Hills, California. The donation bin operated

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

13

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
**GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

continuously until Green Team received a compliance notice on June 29, 2024. The bin has since been removed.

k. In 2024, Green Team placed a donation bin at 2005 East 4th Street, Los Angeles, California. The donation bin operated continuously until Green Team received a compliance notice on March 21, 2025. The bin has since been removed.

**F.** **Los Angeles Responds to a Public Records Request with no documents.**

59. On February 25, 2025, a public records request was made to the City of Los Angeles Departments of Building and Safety seeking information from the Departments for:

- All enforcement actions against property owners for hosting textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All enforcement actions against textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All denials of applications for permits regarding textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All permits approving textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All enforcement actions against property owners for hosting textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All enforcement actions against textile recycling bins in the City of Los Angeles from 2020 through the present date.

- The application for a permit to place a textile recycling bin and/or collection bin in the City of Los Angeles.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

14

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

- All applications submitted for permits for textile recycling and/or collection bins in the City of Los Angeles from 2020 through the present date."

See **Exhibit 4.**

60. The City of Los Angeles Department of Building and Safety, City Planning Department, and Department of Public Works are agencies of the State of California, and as such, are governed by the public disclosure requirements of Article I, § 3, of the California Constitution and the CPRA, Cal. Gov't Code § 7920 *et seq*.

61. On March 7, 2025, the Department of Building and Safety – the entity that enforced the ordinance against Green Team and helped draft the Ordinance – responded with no documents and noted: "The Los Angeles Department of Building and Safety (LADBS) does not have purview over recycling or collection bins. You may want to contact Public Works: Bureau of Sanitation with your inquiry. Please visit: https://sanitation.lacity.gov/ ." Exhibit 4.

62. As noted herein, the City of Los Angeles Department of Building and Safety issued enforcement actions against Green Team at its locations throughout the City of Los Angeles from June 2024 through March 2025. Exhibit 3. Thus, Plaintiff knows that Defendant possesses documents responsive to the items set forth in paragragh 61, that they have yet to produce.

63. Representatives of Green Team sought to apply for a permit to place textile donation bins on three separate occasions between October 2024 and March 2025. The City of Los Angeles Department of Building and Safety informed them that no physical application is available and that they must apply online.

64. Consequently, representatives of the Green Team attempted to apply three times through https://eplanla.lacity.org/. Still, they were unable to complete the application as the online system stopped them at "Plan Check in Progress," deemed it incomplete, or declined it due to the impossibility of meeting all requirements. The system does not allow a bin operator to apply for a permit.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}                                    15

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
**GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

65. Furthermore, aside from the zoning and distance requirements, the amount and variety of documentation required for a permit is another obstacle. Simultaneously, there isn't a clear description of what is needed in the application, resulting in the City using this as a reason to decline applications because the provided documents do not meet their arbitrary requirements regarding site plans and technical drawings of textile recycling bins. At the time of filing this lawsuit, there is no possible way to apply for a permit or seek a variance for a license for a textile recycling donation bin.

## COUNT I

### State Law Preempts Los Angeles Ordinance No. 187248

66. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 65, inclusive, as though fully set forth herein.

67. Under Cal. Gov. Code § 815.6, the City has a mandatory duty under the California Integrated Waste Management Act, Cal. Pub. Res. Code § 40051, that it failed to abide by when implementing and enforcing Ordinance No. 187248.

68. Ordinance No. 187248 contradicts the California Integrated Waste Management Act § 40051(b), as it severely restricts placement of donation bins and does not "maximize" use of all feasible source reduction.

69. In California, preemption of local legislation by state law is a constitutional principle. *San Francisco Apartment Ass'n. v. City & County of San Francisco*, 104 Cal.App.5th 1218, 1227 (2024) ("*San Fran. Apartment Ass'n.*") (quoting, *Sequoia Park Associates v. County of Sonoma*, 176 Cal.App.4th 1270, 1277 (2009)); *Citizens to Enforce CEQA v. City of Rohnert Park*, 131 Cal.App.4th 1594 (2005); see Cal. Const. Art. XI, § 7.

70. Under California's Constitution, a city may enact and enforce "within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Cal. Const. Art. XI, § 7.

71. A conflict exists between local legislation and state law where there is duplication, contradiction, or local law enters an area fully occupied by general law. *San*

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

*Fran. Apartment Ass'n*, 104 Cal.App. 5th 1227-1228; *Morehart v. County of Santa Barbara*, 7 Cal.4th 725, 747 (1994). Here, the potential two conflicts worth examining is whether Ordinance No. 187248 contradicts California state law, and/or whether the Ordinance entered a fully or partially occupied area of general law. *Id.*

72.    Generally, where an otherwise valid local ordinance conflicts with the state's general law, that ordinance is preempted and thus void. *City and County of San Francisco v. Post*, 22 Cal.App.5th 121 (2018); *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.,* 56 Cal.4th 729, 743 (2013).

73.    Courts will apply rules of statutory construction to interpret both local law and state statutes in order to determine if a contradiction exists. *Valley Vista Services, Inc. v. City of Monterey Park,* 118 Cal.App.4th 881 (2004).

74.    Local legislation <u>contradicts</u> state laws if they "prohibit what the statute commands or command what it prohibits." *Id.* at 888 (quoting *Sherwin-Williams Co. v. City of Los Angeles*, 4 Cal.4th 893, 897-888 (1993)). "A contradiction is generally found only when the state and local acts 'are irreconcilable, clearly repugnant, and so inconsistent that the two have concurrent operation.'" *Id*. at 888 (quoting *Big Creek Lumber Co. v. County of Santa Cruz,* 115 Cal.App.4th 952, 989-990 (2004)).

75.    Moreover, "[w]hen local government regulates in an area over which it traditionally has exercised control, 'such as land use legislation,' California courts will presume, absent a clear indication of preemptive intent from the Legislature, that such regulation is not preempted by state statute." *Post,* supra, 22 Cal.App.4th at 129-130 (quoting *Big Creek Lumber Co. v. County of Santa Cruz,* 38 Cal.4th 1139,1149 (2006)).

76.    Ordinance No. 187248 bars textile bins in all but seven zoning districts of the thirty-five total in Los Angeles. Within the seven permitted districts, the Ordinance further restricts the location of the bins, e.g., collection bins shall not be located within 20 feet of any public right-of-way, or within 10 feet of any lot line adjoining another lot.   These restrictions apply to "collection bins", defined as "any box, canister, receptacle, or other container that can be opened and closed, and is used for collecting

salvageable personal property, including but not limited to, clothing, shoes…" See **Exhibit 1.**

77. Under the Responsible Textile Recovery Act, § 42984.3, "collection box" means an unattended container, box, receptacle, or similar device used to solicit and collect covered product donations, including apparel or textile articles.[7]

78. Further § 42984.7 of the RTRA speaks to approved collection sites as part of the stewardship program that "agree to comply with all applicable state, federal, or municipal laws…"

79. The purpose of the RTRA expressly provided for under § 42984.1, is to "increase the amount of postconsumer apparel and textile articles that are diverted from landfills and reused, repaired, and recycled into secondary products or otherwise managed in a manner that is consistent with the state's hierarchy for waste management practices pursuant to § 40051."

80. The California Integrated Waste Management Act § 40051 requires local agencies to prioritize recycling in waste management practices.

81. The City of Los Angeles Ordinance No. 187248 conflicts with the purpose of the Responsible Textile Recovery Act at § 42984.7, and the California Integrated Waste Management Act § 40051.

82. Additionally, the RTRA at § 42984.05 provides that, "the intent of this chapter [RTRA] is to establish a statewide extended producer responsibility program for apparel and textile articles that emphasize repair and reuse, and minimize the generation of hazardous waste, greenhouse gases…"

83. On or about August 22, 2024, California's Senate Rules Committee produced a report for Senate Bill 707 (which was the RTRA prior to its enactment). Under the section "Comments" the report stated the following about Senate Bill 707:

> "Purpose of Bill. According to the author, "the fashion industry is considered a top industrial polluter, accounting for approximately 10% of global carbon

---

[7] "Covered products" under § 42984.3 is defined as "an apparel or textile article."

{00904413.DOCX}

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

emissions. A well-designed and effectively administered statewide textile extended producer responsibility (EPR) program has the potential to develop previously untapped or underutilized upcycled and recycled clothing and fiber markets, as well as to support ongoing efforts to encourage the repair and reuse of clothing and other textiles in California. In so doing, this bill will facilitate a transition to a sustainable, market-aligned, circular economy for textiles that will unlock new production and consumption opportunities to the benefit of the environment, all at a relatively low cost to both the State and consumers alike."

84.    Given the purpose and background on this bill, the state law's partial occupation in this area of regulation is a subject of such nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the locality. *Sherwin-Williams,* 4 Cal.4th at 898.

85.    Accordingly, the California Integrated Waste Management Act, Cal. Pub. Res. Code § 40051 preempts Los Angeles Ordinance No. 18724, and as a result, the ordinance is void and unenforceable.

## COUNT II

**Violation of the California Constitution and the California Public Records Act**

86.    Plaintiff incorporates herein by reference the allegations outlined in paragraphs 1 through 85 inclusive, as though fully set forth herein.

87.    The California Constitution, Art. I, § 3(b)(1), declares that "[t]he people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny."

88.    The California Public Records Act (hereinafter "CPRA," Cal. Gov't Code § 7920, declares that "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state."

89.    The CPRA provides, Cal. Gov't Code § 7922.525(a), that "[p]ublic records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided."

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

The CPRA further provides that each agency must respond "within 10 days." *Id.* § 7922.535(a). The CPRA further requires that "the head of the agency or a designee" may make extensions "in unusual circumstances," but only by written notice to the person making the request, "setting forth the reasons for the extension and the date on which a determination is expected to be dispatched." *Id.* § 7922.535(b). The CPRA also limits extensions: "[n]o notice shall specify a date that would result in an extension for more than 14 days." *Id.*

90.     A request was made for public records on February 25, 2025 to the City of Los Angeles, Department of Building and Safety seeking information from the Departments for:

- All enforcement actions against property owners for hosting textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All enforcement actions against textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All denials of applications for permits regarding textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All permits approving textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All enforcement actions against property owners for hosting textile recycling bins in the City of Los Angeles from 2020 through the present date.

- All enforcement actions against textile recycling bins in the City of Los Angeles from 2020 through the present date.

- The application for a permit to place a textile recycling bin and/or collection bin in the City of Los Angeles.

- All applications submitted for permits for textile recycling and/or collection bins in the City of Los Angeles from 2020 through the present date."

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

20

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

See **Exhibit 4.**

91. On March 7, 2025, the Department of Building and Safety – *the entity that enforced the ordinance against Green Team and helped draft the ordinance* – responded with no documents and noted: "*The Los Angeles Department of Building and Safety (LADBS) does not have purview over recycling or collection bins. You may want to contact Public Works: Bureau of Sanitation with your inquiry. Please visit: https://sanitation.lacity.gov/ .*" **Exhibit 4.**

92. The Plaintiff knows that it had records, as the Department of Building and Safety issued enforcement actions against it starting in June 2024. **Exhibit 3.**

93. By their refusal to provide timely compliance with the CPRA, by their continuing willful refusal to provide documents responsive to the document request, Defendant has violated the California Constitution, Art. I, § 3, and the California Public Records Act, Cal. Gov't Code § 7920 *et seq.*

94. **WHEREFORE**, Plaintiff respectfully prays that this Court:

  a. Issue a Writ of Mandate directing Defendant to comply fully and without further delay with the California Public Records Act and to furnish Plaintiff all public documents meeting the description in its requests;

  b. In the alternative, issue an Order to Defendant to show cause why the court should not issue such a writ and thereafter issue a peremptory writ compelling Defendant to perform its public duty as set forth above;

  c. Declare that Defendant has violated Plaintiff's rights under the California Constitution, Art. I, § 3, and under Cal. Gov't Code § 7920 *et seq.*, by failing to produce the requested documents;

  d. Enter an Injunction directing that, because Defendant's delay in complying with their obligations under the CPRA was without

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

21

substantial justification, Defendant must waive all fees associated with Plaintiff's requests;

e.    Enter Judgment in Plaintiff's favor for nominal damages;

f.    Award Plaintiff reasonable attorneys' fees and costs as authorized by Cal. Gov't Code § 7923.115; and

g.    Order such additional relief as the Court may deem just and proper.

## COUNT III

### Violation of the Right of Procedural Due Process under the Fourteenth Amendment to the United States Constitution (42 U.S.C. § 1983)

95.    Plaintiff incorporates by this reference the allegations of paragraphs 1 through 94, inclusive, as though fully set forth here.

96.    Procedural due process, as guaranteed by the Fifth and Fourteenth Amendments, ensures fair legal procedures when the government takes actions that can deprive an individual of life, liberty, or property. It protects against mistaken or unjustified deprivations by requiring specific steps, such as notice of the action, opportunity to be heard, and a fair hearing, before a government can take such action. *Blocktree Properties LLC v. Public Utility District No. 2 of Grant County Washington,* 447 F.Supp.3d 1030, 1037 (E.D. 2020).

97.    The right to a fair process to apply for a permit is protected by due process, ensuring fair procedures before a person can be deprived of their property or liberty interest. This means an applicant is entitled to notice of the proposed action and a fair opportunity to be heard before making a final decision. *Laurel Park Community, LLC v. City of Tumwate*r, 698 F.3d 1180, 1193 (9th Cir. 2012).

98.    Section 65905 of the California Government Code requires public hearings for conditional use permits, ensuring advance notice and an opportunity to be heard, which are fundamental due process rights.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

22

99. The solicitation of charitable donations such as clothing, shoes, and other textiles is a form of speech fully protected by the First Amendment. *Village of Schaumburg v. Citizens for a Better Env't.*, 444 U.S. 620, 632 (1980).

100. The City does not have a physical application for a permit, and the City's online land use permit portal will not process applications for a textile donation bin permit.

101. The City crafted an ordinance designed to prevent any physical spaces within the City from allowing textile donation bins.

102. Green Team has a constitutional right to engage in this protected speech and may not be prohibited from exercising this right unless the City can prove its restriction on Green Team's speech does not substantially burden more speech than is necessary and is narrowly tailored to further a compelling State Interest.

103. The City has always acted and will continue to act under the guise of state law and engage in state action.

104. Constitutionally protected activities may not be directly and substantially limited, diminished, prohibited, or chilled by state actions, including the actions of local governments such as the City, acting under the color of state law.

105. The City's regulation of donation bins directly, indirectly, and substantially limits Green Team and several other entities from engaging in constitutionally protected speech and expressive activity.

106. The Ordinance discriminates on the basis of content and viewpoint by exempting from its purview the unattended bins collecting items for recycling rather than reuse. The government is singling out for the disfavored treatment of the collection of items for reuse in violation of the First Amendment by giving preferential treatment to one viewpoint, recycling, over another, reuse.

107. The Ordinance is not supported by any legitimate state interests, nor is it narrowly tailored to further said interests, because it imposes a limit of one bin per lot,

**LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN**
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

places further restrictions on the placement of the bins, and fails to provide a Collection Bin permit application.

108. Based on information and belief, the City does not place any restrictions on other outdoor receptacles, such as those collecting items for recycling and similar to donation bins.

109. The Ordinance, therefore, constitutes a content-based restriction on speech and severely limits Green Team's ability to exercise its free speech rights by soliciting donations through its donation bins. Consequently, the City has impermissibly restricted the content of Green Team's speech.

110. Green Team is suffering and will continue to suffer irreparable harm due to the City's enforcement of the Ordinance. Unless enjoined and subjected to a declaration of Green Team's legal rights by this Court, the City will keep violating Green Team's rights to solicit donations through its donation bins.

## COUNT IV

**Violation of the Right of Substantive Due Process under the Fourteenth Amendment to the United States Constitution (42 U.S.C. § 1983)**

111. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 110, inclusive, as though fully set forth here.

112. A substantive due process violation requires some form of outrageous or egregious conduct constituting a true abuse of power.

113. The solicitation of charitable donations such as clothing, shoes, and other textiles is a form of speech fully protected by the First Amendment. *Village of Schaumburg,* 444 U.S. at 632.

114. The City does not have a physical application to secure a permit to approve a textile bin donation application, and its online portal does not allow applicants to file for and receive a permit.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

24

115.    The failure to adopt and provide for an application for a permit for a textile recycling donation bin operator to use to seek an application for site approval is outrageous or egregious conduct, constituting a true abuse of power.

116.    The failure to provide any physical space within the City of Los Angeles for a textile recycling donation bin center is outrageous and constitutes a true abuse of power.

117.    Green Team has a constitutional right to engage in protected speech and may not be prohibited from exercising this right unless the City can prove its restriction on Green Team's speech does not substantially burden more speech than is necessary and is narrowly tailored to further a compelling state interest.

118.    At all times, the City has been and will continue to act under the guise of state law and engage in state action.

119.    The City's regulation of donation bins directly, indirectly, and substantially limits Green Team, as well as a number of other entities, from engaging in constitutionally protected speech and expressive activity.

120.    Upon information and belief, the City does not place any such restrictions on other outdoor receptacles, such as receptacles collecting items for recycling, that are similar to donation bins.

121.    Green Team is suffering and will continue to suffer irreparable harm by the City's enforcement of the Ordinance. Unless enjoined and made subject to a declaration of Green Team's legal rights by this Court, the City will continue to violate Green Team's rights to solicit donations through its donation bins.

## COUNT V

### Violation of the Free Speech Clause under the First Amendment to the United States Constitution (42 U.S.C. § 1983)

122.    Plaintiff incorporates by this reference the allegations of paragraphs 1 through 122, inclusive, as though fully set forth here.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}                                    25

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

123. The Ordinance is a broad prophylactic rule that violates the First Amendment to the United States Constitution on its face and as applied to Green Team.

124. The solicitation of charitable donations such as clothing, shoes, and other textiles is a form of speech fully protected by the First Amendment. *Village of Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 632 (1980).

125. Green Team has a constitutional right to engage in this protected speech and may not be prohibited from exercising this right unless the City can prove its restriction on Green Team's speech does not burden substantially more speech than necessary and is narrowly tailored to further a compelling state interest.

126. At all times herein, the City has been and will continue to be acting under the color of state law and engaging in state action.

127. Constitutionally protected activities may not be directly and substantially limited, diminished, prohibited, or chilled by state actions, including the actions of local governments such as the City, acting under the color of state law.

128. The City's regulation of donation bins directly, indirectly, and substantially limits Green Team, as well as a number of other entities, from engaging in constitutionally protected speech and expressive activity.

129. The Ordinance discriminates on the basis of content and viewpoint, by exempting from its purview the unattended bins collecting items for recycling rather than reuse. The government is singling out for disfavored treatment the collection of items for re-use in violation of the First Amendment by giving preferential treatment to one viewpoint, recycling, over another, re-use.

130. The Ordinance is not supported by any legitimate state interests, nor is the Ordinance narrowly tailored to further said interests, because the Ordinance imposes a limit of one bin per lot, places further restrictions on the placement of the bins, and fails to provide a Collection Bin permit application.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

131. Upon information and belief, the City does not place any such restrictions on other outdoor receptacles, such as receptacles collecting items for recycling, that are similar to donation bins.

132. The Ordinance, therefore, constitutes a content-based restriction on speech, and severely restricts Green Team's ability to carry out its free speech rights by soliciting donations through its donation bins. As a result, the City has impermissibly restrained the content of Green Team's speech.

133. Green Team is suffering and will continue to suffer irreparable harm by the City's enforcement of the Ordinance. Unless enjoined and made subject to a declaration of Green Team's legal rights by this Court, the City will continue to violate Green Team's rights to solicit donations through its donation bins.

## COUNT VI

**Ordinance No. 187248 is Prior Restraint on Speech In Violation of the First Amendment to the United States Constitution (42 U.S.C. § 1983)**

134. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 133, inclusive, as though fully set forth herein.

135. Prior restraints are laws which "make[] the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official — as by requiring a permit or license which may be granted or withheld in the discretion of such official" and such laws are unconstitutional. *Spirit of Aloha Temple v. Cnty. of Maui,* 49 F.4th 1180, 1191 (9th Cir. 2022).

136. The Ordinance functions as a prior restraint by empowering the Superintendent of Building with unbridled discretion in reviewing applications.

137. Although the Ordinance does include some objective criteria, it does not require the reviewer to issue a permit if the criteria are met. Additionally, it empowers the reviewer to require an unbounded amount of additional information in support of an application.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

138.   The Ordinance, on its face, gives officials unbridled discretion to deny a permit and thus violates the First Amendment.

### COUNT VII

**Violation of the Right to Equal Protection under the Fourteenth Amendment to the United States Constitution (42 U.S.C. S 1983)**

139.   Plaintiff incorporates by this reference the allegations of paragraphs 1 through 138, inclusive, as though fully set forth herein.

140.   The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits discrimination by a governmental entity that burdens a fundamental right.

141.   The Right to Freedom of Speech is a fundamental right.

142.   Zoning ordinances and municipal codes that affect fundamental rights are subject to strict scrutiny.

143.   The City imposes and enforces a strict regulatory scheme upon organizations seeking to collect donations for re-use via collection bins. Unless enjoined and made subject to a declaration of Green Team's legal rights by this Court, the City will continue to violate Green Team's rights to solicit donations through its donation bins.

144.   Conversely, the City specifically exempts donation bins collecting other materials for recycling.

145.   The City's asserted interests are not "compelling" for purposes of a constitutional analysis.

146.   Furthermore, the City's Ordinance is not narrowly tailored to achieve the City's alleged interests.

147.   The City's disparate treatment of donation bins collecting for re-use bears no rational relationship to any compelling state interest. Any interest, such as public safety or protecting property values, which compels the prohibition of donations bins for re-use in the City, must apply equally to all similarly situated receptacles.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

28

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

148. Since the interests asserted in the Ordinance are not compelling and the City has not narrowly tailored the Ordinance to achieve its asserted interests, the Ordinance fails strict scrutiny review.

149. As such, the Ordinance discriminates against Green Team and other similarly situated entities, violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT VIII

### Violation of the Right to Free Speech Guaranteed by Article I § 2 of the California Constitution

150. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 149, inclusive, as though fully set forth here.

151. Article I, § 2(a) under the California Constitution provides "[e]very person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

152. California's constitutional free speech clause is broader and more protective than the Free Speech Clause under the First Amendment. *Dailey v. Superior Court,* 112 Cal. 94, 97-98 (1896); *Snatchko v. Westfield, LLC,* 187 Cal.App.4th 469 (2010).

153. The Ordinance is a broad prophylactic rule that violates California's free speech clause on its face and as applied to Green Team, under Article 1, § 2 of the California Constitution.

154. At all times herein, the City has been and will continue to be acting under the color of state law and engaging in state action.

155. Constitutionally protected activities may not be directly and substantially limited, diminished, prohibited, or chilled by state actions, including the actions of local governments such as the City, acting under the color of state law.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.

156. The City's regulation of donation bins directly, indirectly, and substantially limits Green Team, as well as a number of other entities, from engaging in constitutionally protected speech and expressive activity.

157. The Ordinance discriminates on the basis of content and viewpoint, by exempting from its purview the unattended bins collecting items for recycling rather than reuse.

158. As established under the First Amendment, California's free speech clause requires that if a regulation is content-based, it is subject to the more stringent strict scrutiny standard. *Los Angeles Alliance for Survival v. City of Los Angeles,* 22 Cal.4th 352 (2000).

159. The government is singling out for disfavored treatment the collection of items for re-use in violation of the First Amendment by giving preferential treatment to one viewpoint, recycling, over another, re-use.

160. The Ordinance is not supported by any legitimate state interests, nor is the Ordinance narrowly tailored to further said interests, because the Ordinance imposes a limit of one bin per lot, places further restrictions on the placement of the bins and fails to provide a Collection Bin permit application.

161. Upon information and belief, the City does not place any such restrictions on other outdoor receptacles, such as receptacles collecting items for recycling, that are similar to donation bins.

162. The Ordinance, therefore, constitutes a content-based restriction on speech, and severely restricts Green Team's ability to carry out its free speech rights by soliciting donations through its donation bins. As a result, the City has impermissibly restrained the content of Green Team's speech.

163. Green Team is suffering and will continue to suffer irreparable harm by the City's enforcement of the Ordinance. Unless enjoined and made subject to a declaration of Green Team's legal rights by this Court, the City will continue to violate Green Team's rights to solicit donations through its donation bins.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

30

## COUNT IX

### Violation of the Right to Equal Protection under Article I § 7 of the California Constitution

164. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 163, inclusive, as though fully set forth herein.

165. Article I § 7 of the California Constitution provides that a person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws.

166. Zoning ordinances and municipal codes that affect fundamental rights are subject to strict scrutiny.

167. The City imposes and enforces a strict regulatory scheme upon organizations seeking to collect donations for re-use via collection bins. Unless enjoined and made subject to a declaration of Green Team's legal rights by this Court, the City will continue to violate Green Team's rights to solicit donations through its donation bins.

168. Conversely, the City specifically exempts donation bins collecting other materials for recycling.

169. The City's asserted interests are not "compelling" for purposes of a constitutional analysis.

170. Furthermore, the City's Ordinance is not narrowly tailored to achieve the City's alleged interests.

171. The City's disparate treatment of donation bins collecting for re-use bears no rational relationship to any compelling state interest. Any interest, such as public safety or protecting property values, which compels the prohibition of donations bins for re-use in the City, must apply equally to all similarly situated receptacles.

172. Since the interests asserted in the Ordinance are not compelling and the City has not narrowly tailored the Ordinance to achieve its asserted interests, the Ordinance fails strict scrutiny review.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}

31

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

173.    As such, by discriminating against Green Team and other similarly situated entities, the Ordinance is in violation of Article I § 7 of the California Constitution that guarantees equal protection of the laws.

## V.    PRAYER FOR RELIEF

**WHEREFORE,** Green Team respectfully requests a Judgment against Defendant City of Los Angeles on each and every count alleged herein, as follows:

1.    Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of final judgment and that the Court retains jurisdiction of this matter for the purpose of enforcing the Court's Order;

2.    Pursuant to 28 U.S.C. § 2201, declare the aforementioned Ordinance to be in violation of the First and Fourteenth Amendments to the United States Constitution, and further declare that Plaintiff is permitted as of right to operate donation bins in the City as a means of exercising its constitutional right to solicit charitable donations;

3.    Pursuant to 28 U.S.C. § 2202, Fed. R. Civ. Pro. 64, 42 U.S.C. § 1983, and 42 U.S.C. § 2000cc-4, permanently enjoin Defendant from enforcing the Ordinance to the extent that it prevents Plaintiff from operating donation bins in the City and award Plaintiff all necessary and appropriate equitable relief;

4.    Pursuant to 42 USC § 1988, 42 U.S.C. § 2000cc-4(d), Fed. R. Civ. Pro. 54(d), and other applicable law, award Plaintiff its reasonable attorney fees, costs;

5.    According to 28 U.S.C. § 2202 and Fed. R. Civ. P. 64, award Plaintiff compensatory and nominal damages.

6.    With respect to the Public Records Act violation:

a.    Issue a Writ of Mandate directing Defendant to comply fully and without further delay with the California Public Records Act and to furnish Plaintiff all public documents meeting the description in its requests;

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

b.    In the alternative, issue an Order to Defendant to show cause why the court should not issue such a writ and thereafter issue a peremptory writ compelling Defendant to perform its public duty as set forth above;

c.    Declare that Defendant has violated Plaintiff's rights under the California Constitution, Art. I, § 3, and under Cal. Gov't Code § 7920 *et seq.*, by failing to produce the requested documents;

d.    Enter an Injunction directing that, because Defendant's delay in complying with their obligations under the CPRA was without substantial justification, Defendant must waive all fees associated with Plaintiff's requests;

e.    Enter Judgment in the Plaintiff's favor for nominal damages;

f.    Award Plaintiff reasonable attorneys' fees and costs as authorized by Cal. Gov't Code § 7923.115; and

7.    Order such additional relief as the Court may deem just and proper

## VI.    REQUEST FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure, Green Team hereby demands a trial by jury in the action of all issues so triable.

Dated:  April 25, 2025                    Respectfully Submitted,

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN


By*: /s/ Andrew W. Zepeda*
ANDREW W. ZEPEDA, State Bar No. 106509
azepeda@lurie-zepeda.com
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574
P: (310) 274-8700   F: (310) 274-2798
Attorney for Plaintiff Green Team Worldwide
Environmental Group, L.L.C.

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

{00904413.DOCX}                    33

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

## **VERIFICATION**

According to 28 U.S.C. § 1746, I, Ivan  Lyutskanov, declare under penalty of perjury that I am the Vice President of Green Team Worldwide Environmental Group, LLC and I have personal knowledge of matters contained paragraphs 1, 2, 8 through 29, 56 through 58, and 64 through 67 of this Verified Complaint and that the allegations contained therein are true and accurate.

Executed this 24th day of April, 2025.


**Green Team Worldwide Environmental Group, LLC**


*/s/ Ivan Lyutskano*
Its: Vice President

{00904413.DOCX}

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
GREEN TEAM WORLDWIDE, ETC. V. CITY OF LOS ANGELES, ET AL.**